UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20269-CR-COOKE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

NOE REINA DE LA CRUZ, et al

        Defendants.
_____/

IN RE:

LV LENDING LLC

        Third-Party Petitioner
_____/

**AGREED MOTION TO AUTHORIZE INTERLOCUTORY
SALE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    The United States of America, pursuant to 21 U.S.C. § 853(g), moves for an agreed order permitting the sale of certain real property being sought for forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. The requested order will enable the United States to minimize accruing expenses and maximize the return on the property. In support of its motion, the United States, through the undersigned Assistant United States Attorney, submits as follows:

    1.    On or about April 9, 2018, a federal grand jury charged Noe Reina De la Cruz ("Defendant") and others with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), access device fraud, in violation of 18 U.S.C. § 1029, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Indictment, ECF No. 3.

2. The Indictment included forfeiture allegations, which provided notice that upon conviction of a violation of 18 U.S.C. § 1029, the Defendant would forfeit to the United States, any property constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violations, pursuant to 18 U.S.C. § 982(a)(2)(B), and any personal property used, or intended to be used, to commit such offense, pursuant to 18 U.S.C. § 1029(c)(1)(C). *Id.* at Page 10. The indictment further provided that upon a conviction of a violation of 18 U.S.C. § 1956, the Defendant would forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* The Defendant was further notified that the property subject to forfeiture included real property located at 3084 SW 112th Avenue, Davie, Florida, 33330 (hereafter, "Subject Property"). *Id.* at Page 11.

3. On or about October 25, 2018, pursuant to a written Plea Agreement, Defendant pleaded guilty to conspiracy to commit access device fraud, aggravated identity theft, and conspiracy to commit money laundering. *See* Plea Agreement, ECF No. 171 at ¶ 1, Page 1-2. In his Plea Agreement, Defendant consented to the forfeiture of the Subject Property. *See id.* at ¶ 17, Page 10.

4. On February 4, 2019, this Court granted the Government's Motion for Preliminary Order of Forfeiture based upon Defendant's guilty plea, the Plea Agreement, and the stipulated factual proffer. Preliminary Order of Forfeiture, ECF No. 50. Included in the Preliminary Order of Forfeiture was the Subject Property. *Id.* at Page 5. The Preliminary Order of Forfeiture also authorized the United States "pursuant to Rule 32.2(b)(3), (c)(l) of the Federal Rules of Criminal Procedure and 2 1 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceedings related to any third-party petition[.]" *Id.*

5. On March 14, 2019, LV Lending LLC (hereafter, "Petitioner") filed a verified petition claiming an interest in the Subject Property. Petition and Request for Hearing Pursuant to 21 U.S.C. § 853(n)(2), ECF No. 296. On April 19, 2019, the Government served Petitioner with discovery, and it received a response on May 20, 2019.

6. At this time, an interlocutory sale is in the best interests of all interested parties, as the Subject Property is accruing expenses, including property taxes, maintenance costs, and other fees associated with the ownership of the Subject Property. For example, as mentioned in the Government's Motion to Approve Stipulation and Settlement Agreement, as of March 18, 2019, the Subject Property had accumulated $83,350.00 in code enforcement liens. ECF No. 315 at Page 1.

7. The sale will be performed by Homeland Security Investigations ("HSI"), through its agents and contractors, in the most commercially feasible manner as determined by HSI in its sole discretion.

8. The net cash proceeds of the sale of the Subject Property ("Net Sale Proceeds") shall consist of the sale price less any costs and expenses incurred by HSI and its agents and contractors for the seizure, maintenance and disposition of the Subject Property in accordance with the appropriate statutes. Such amounts include, but are not limited to: real estate commissions, if any; real estate property taxes which are due and owing, if any; insurance costs, if any; all costs incurred by HSI in connection with the maintenance, repair, marketing, and sale of the Subject Property; escrow fees; real estate commissions, if any; insurance costs, if any; document recording fees not paid by the buyer; title fees; county transfer taxes; and any other cost associated with the closing of the sale of the Subject Property.

9. The Net Sale Proceeds will be deposited with HSI, to be held by the Treasury Executive Office for Asset Forfeiture ("TEOAF") fund, and substituted as the Subject Property in this action pending a final judgment in this case.

## MEMORANDUM OF LAW

Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court, "[a]t any time before entry of a final forfeiture order, the court . . . may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The Court may order the interlocutory sale of forfeitable assets if:

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C) the property is subject to a mortgage or to taxes on which the owner is in default; or

(D) the court finds other good cause.

Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") G(7). Furthermore, pursuant to 21 U.S.C. § 853(g),[1] the Court is "authorized to ... take any ... action to preserve the availability of property" subject to forfeiture for violations of 18 U.S.C. § 1956. The Court has jurisdiction to enter orders as provided in the relevant sections regarding property which may be subject to forfeiture or which property has been ordered forfeited. 21 U.S.C. § 853(g). The Court can and should enter an order permitting the sale of the Subject Property, thereby preserving the value of the property for forfeiture.

---

[1] 18 U.S.C. § 982(b)(1) makes the provisions of 21 U.S.C. § 853 applicable to forfeitures sought pursuant to 18 U.S.C. § 982(a)(1).

The authority for the Court to order the sale of assets is found primarily in the underlying forfeiture statute and is buttressed by other statutory provisions incorporated therein by reference. Pursuant to these various statutes and Rules, the Court has the authority to enter an order for the interlocutory sale of assets which may deteriorate or greatly decrease in value during the course of the proceedings, or where the property will be subject to mounting expenses which are or will become excessive or disproportionate. *See, e.g.,* 21 U.S.C. § 853(j); 21 U.S.C. § 881(d); 19 U.S.C. § 1612(a); and Supp. R. E(9)(a) also applies to forfeiture proceedings under Title 21 (providing for the sale of property where the property is liable to deterioration, decay or injury while in custody or where the expense of keeping the property is excessive or disproportionate).

In all, this Court has the authority to enter an order for the interlocutory sale of the Subject Property which may deteriorate or decrease in value during the course of proceedings, or where the property will be subject to mounting expenses. Proceeding immediately to effect the sale of the Subject Property will best preserve the value of the assets identified for forfeiture. Additionally, Supp. R. G(7)(b)(iv) provides that the interlocutory sale proceeds may be substituted as the *res* subject to forfeiture in place of the property that was sold.

WHEREFORE, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, 21 U.S.C. § 853(g), and based upon the foregoing reasons, specifically the accruing expenses, including property taxes, maintenance costs, and other fees associated with the ownership of the Subject Property, the entry of an order permitting the sale of the Subject Property is necessary to preserve its value, and to preserve the amount to be realized from the Subject Property for whichever party prevails in this ancillary proceeding. The United States therefore requests that the Court enter the attached Proposed Order Approving the Interlocutory Sale of the Subject Property and grant such other relief as is just and lawful.

                Respectfully submitted,

                ARIANA FAJARDO ORSHAN
                UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
           Nicole Grosnoff
           Assistant United States Attorney
           Court ID No. A5502029
           99 Northeast Fourth Street, 7th Floor
           Miami, Florida 33132-2111
           Telephone: (305) 961-9294
           Facsimile: (305) 536-4089
           E-Mail: nicole.s.grosnoff@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

BY:   */s/ Nicole Grosnoff*
      Nicole Grosnoff
      Assistant United States Attorney