UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20269-CR-COOKE

UNITED STATES OF AMERICA

    Plaintiff,

vs.

NOE REINA DE LA CRUZ,
RAUL GIL-RODRIGUEZ,
NEY ANTONIO LOPEZ DE LA CRUZ
DOMINGO REYES
YOUSEF MICHI,
ESTEBAN OCHOA,
VANTROY SANCHEZ,
JEFFREY BATISTA,
CARLOS DAVID FRANCO and
PEDRO DE LA CRUZ,

    Defendants

And

LV LENDING LLC,

    Third Party Claimant/Petitioner.

_____/

## MOTION FOR PROTECTIVE ORDER AGAINST THE DEPOSITIONS OF RICARDO URIBE and CAMILO NINO

COMES NOW, the Third Party Claimaint/Petitioner, LV LENDING LLC, (hereinafter LV LENDING) and hereby files this MOTION FOR PROTECTIVE ORDER AGAINST THE DEPOSITIONS OF RICARDO URIBE and CAMILO NINO pursuant to Federal Rule of Civil Procedure 26(c) and in support thereof states the following:

1

## PROCEDURAL HISTORY

This is a forfeiture proceeding ancillary to a criminal case. On October 25th, 2018, one of the named criminal defendants, Noe Reina De La Cruz, via a plea agreement (ECF 171), agreed to have the subject property (detailed below) forfeited by the US Government. Noe Reina De La Cruz never possessed title to this property and he never held a secured or unsecured interest on this property. He never had and still does not have any authority to agree to this forfeiture. LV LENDING has always held a superior interest to Noe Reina De La Cruz (or any other named defendant in this case) on the subject property and presently holds a first mortgage secured by a promissory note on this property in the amount of $350,000.00. A notice of forfeiture was issued on February 26th, 2019 and LV LENDING timely issued a response against forfeiture.

A hearing on the petition has not been held to date. Rather the United States Government propounded Discovery by way of 12 Interrogatories and 16 Requests for Production upon LV LENDING. LV LENDING timely complied with discovery via Answers to Interrogatories and Responses to Requests for Production. LV LENDING did not object to any of the Responses for Requests for Production and, in fact, provided 533 bate stamped documents providing a complete and detailed insight into how LV LENDING has superior title to the subject property and why the subject property should not be forfeited. LV LENDING did not object to any of the Interrogatories and, in fact, provided 22 pages of detailed answers providing a complete and detailed insight into how LV Lending has superior title to the subject property and why the subject property should not be forfeited. Despite providing voluminous Answers and Responses to Discovery, the United States Government has requested the depositions of LV LENDING's CEO's, Ricardo Uribe and Camilo Nino- two individuals who have no involvement in the issuance of small loans, such as the one made in this case, no involvement in the servicing of the loans, and cannot provide any further relevant testimony as to whether or not LV LENDING has a valid superior interest in the property subject to forfeiture.

## **FACTUAL SUMMARY**

LV LENDING is a private investing company that issues bridge loans or commercial real estate loans for "business purposes only" to entities. LV LENDING is a registered mortgage lending company with a servicing endorsement licensed by the State of Florida (NMLS 1291885). They are regulated by the Office of Financial Regulation. They are annually audited by Kabatz de La Torre, a CPA firm that reports their audited financial statements directly to the State of Florida every year. LV LENDING has 16 employees with 8 employees in the Miami office and 8 employees in the Colombia office. LV LENDING has processed over 470 loans ranging from $150,000.00 on the low end to $28 million. In total LV LENDING has done over $330 million in loans with an outstanding servicing portfolio of $171 million in loans. To date, this is the first and only time a situation like this has arisen with one of their loans.

The way the company works is as follows: A request for a loan will be referred to LV LENDING. The loan must be for commercial purposes only for LV LENDING to consider it. LV LENDING will conduct its due diligence which consists of a background check on the individuals seeking the loan and then an analysis on the loan to value ratio to determine if it is a risky or non-risky loan. Next, if the loan applicant is approved and the property is a good investment, LV LENDING will record a first mortgage and note on each property to have a secured interest. Then, LV LENDING assigns the mortgage to one of its trusted investors who fund the loans. Once the mortgage is assigned, LV LENDING becomes the servicer of the loan (i.e. processes payments, sends invoices, etc.). The investors then pay LV LENDING a monthly servicing fee plus a percentage of the loan issued.

The founders and CEOs of LV Lending are Camilo Nino and Ricardo Uribe. As CEO's Camilo Nino and Ricardo Uribe are not involved in the day to day processing or servicing of any loans;

Camilo Nino and Ricardo Uribe do not personally meet with any borrowers for loans below $1 million; Camilo Nino and Ricardo Uribe are in charge of business development, leadership, top managerial decisions, execution of long term strategies, creation of strategical alliances, etc. LV LENDING has 16 employees involved in the administration of the company, accounting and processing of loans. These are the individuals who provided all of the relevant information within the answers to the discovery requests pertinent to this matter.

In this particular case, LV LENDING issued a business purposes only loan in the amount of $350,000.00 to My Ticket Premium, a Florida corporation owned and operated by Raul Gil, for the purchase of a rental property (hereinafter referred to as "subject property") located at:

> **PARCEL 1**: Lot 4, Block 3, DAVIE FARMETTES, according to the plat thereof, as recorded in Plat Book 72, at Page 10, of the Public Records of Broward County, Florida. Parcel Identification No. 5041-10-02-0220,
> a/k/a 3084 Southwest 112th Ave., Davie, Florida 33330.
>
> **PARCEL 2**: South 32 feet of Lot 3, DAVIE FARMETTES, according to the plat thereof, as recorded in Plat Book 72, at Page 10, of the Public Records of Broward County, Florida Parcel Identification No. 5041-19-0211
> a/k/a 3084 South Hiatus Road, Davie, Florida 33330

As security for the loan to My Ticket Premium, LV LENDING recorded a First Mortgage and Promissory note in Broward County on August 7th, 2015. Prior to issuing the loan to My Ticket Premium, LV LENDING conducted a background check upon Raul Gil, which revealed no prior convictions. LV LENDING also conducted a financial analysis of the property to determine that the value of the property was worth more than the loan.

At the time, unbeknownst to anyone within LV LENDING, Noe Reina De La Cruz was involved in a conspiracy to commit credit card fraud and the Government was investigating the

4

conspiracy. Given that LV LENDING had no reason and no reason to even inquire about Noe Reina De La Cruz since he was not the loan applicant and given that LV LENDING had any way to know that Noe Reina De La Cruz or Raul Gil were being investigated or part of a criminal conspiracy, the loan was issued.

On August 19th, 2015, LV LENDING assigned the mortgage to Fattoria S.A., one of its trusted investors, and LV LENDING began servicing the loan (i.e. its processing employees received mortgage payments for Fattoria, processed the payments for Fattoria, sent invoices to My Ticket Premium).

Two years later, in March 2017, My Ticket Premium contacted Pamela Ordonez, a processing employee at LV LENDING, and advised her that he wanted to quit claim the property to Royal Elite Investment Corp. a corporation owned by Ingrid De La Cruz. As such, Ingrid De La Cruz, completed a loan application and submitted to a background check. At the time, no indictment against Raul Gil had been filed, no indictment against Noe Reina De La Cruz had been filed, no indictment against Ingrid De La Cruz had been filed (or ever filed for that matter) and Ingrid De La Cruz' background check revealed no criminal record. Thus, no reason to suspect any foul play. The loan was approved and title transferred to IDL Group Services Corp (otherwise known as Royal Elite Investment Corp). Thereafter, the mortgage with Fattoria was satisfied. On June 22nd, 2017 a first mortgage and promissory note was then recorded between LV LENDING and IDL Group Services Corp. On August 25th, 2017, LV LENDING assigned the first mortgage to another investor, Maggiore Corp. and LV LENDING began servicing the loan.

By June 19th, 2018, IDL Services Corp. had defaulted on the loan in the amount of $20,140.50 subjecting their investor, Maggiore, to financial loss and legal fees to foreclose. It is at this point that the CEO's of LV LENDING made the business decision to retake the loan from their investor Maggiore so as to avoid financial losses upon Maggiore and to maintain the good

5

secured by the promissory note, to LV Lending. On July 23rd, 2018, LV LENDING again became the secured holder of the First Mortgage secured by a promissory note and IDL Services Corp, became its mortgagee.

Despite, the erroneous filing of a foreclosure complaint subsequent to the lis pendens filed by the Government, LV LENDING still remained and remains today a protected class pursuant to 21. U.S.C §853(n).

## ARGUMENT

Under 21. U.S. C §853(n), a third party asserting an interest in a forfeited property bears the burden of demonstrating, by a preponderance of the evidence, that 1) it has a legal right to the property and 2) that right renders the forfeiture invalid. *21 U.S. §853(n)(6)(a)*. Section 853(n)(6) protects only 2 classes of petitioners: 1) those whose legal interests were superior to the defendants at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and 2) bona fide purchases for value without knowledge of the forfeitability of the defendant's assets. Pursuant to 21 U.S. §853, this Court's Preliminary Order of Forfeiture in conjunction with the Federal Rules of Civil Procedure, the Government is entitled to obtain relevant facts/discovery regarding whether LV LENDING has a legal right to the subject property and whether that right renders the forfeiture invalid. The Government's vehicle to obtain relevant information is by and through the discovery process.

In the Government's response to LV LENDINGS's petition (ECF 301), the Government advised this Honorable Court that discovery was "necessary to resolve factual issues, namely to determine whether or not Petitioners have a valid superior interest in the Subject Property". Pursuant to the Government's response and the Preliminary Order of Forfeiture, LV LENDING

6

complied with the Government's discovery requests and in great detail answered the Government's initial inquiry and reason for compelling discovery that is "namely to determine whether or not Petitioners have a valid superior interest in the Subject Property.

In the 22 page answers to interrogatories (ECF 323) and the 533 pages of responses to requests for production (ECF 327) LV LENDING provided ample explanation, documentation, names, emails, copies of mortgages, copies of promissory notes, loan servicing agreements, assignments, background check investigations, loan applications and all relevant documentation necessary for the Government to determine whether or not the Petitioner (LV LENDING) has a valid superior interest in the subject property. In sum, the documents revealed that LV LENDING had a secured first mortgage on the property on the following dates:

1) August 7th, 2015 through August 19th, 2015
2) June 22nd, 2017 through August 25th, 2017
3) July 23rd, 2018 to present

Despite everything provided, the Government is unwilling to negotiate with LV LENDING to resolve the forfeiture. Instead the Government claims that it needs the deposition testimony of the CEO's of LV LENDING for purposes of drafting a Motion for Summary Judgment.

A. The Deposition Testimony of Ricardo Uribe and Camilo Nino is wholly irrelevant, overbroad, immaterial and should not be permitted.

While Federal Rule of Criminal Procedure 32.2 (c) permits the parties to conduct discovery if necessary or desirable to resolve factual issues, the court has the discretion, to limit discovery to that information which is relevant. *Fed. R. Civ. P. 26 (b)(2); Dunkin Donuts Inc. V Mary's Donut's Inc.* 206 F. R. D 518, 520 (S.D. Fla. 2002). Federal Rule of Civil Procedure 26(b)

7

defines the scope of discovery as any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. See, *Woliner v. Sofronsky, 2018 U.S. Dist. LEXIS 143256 (S.D. Fla. Aug. 23, 2018).* The party seeking discovery has the threshold burden of demonstrating that the discovery requested is relevant. *Zorn v. Principal Life Ins. Co.,* 2010 U. S. Dist. LEXIS 84721, at *4(S. D. Ga. Aug. 18, 2010). In this case, that means that the Government has the threshold burden to demonstrate why the deposition testimony of Camilo Nino and Ricardo Uribe is relevant. Thus far, the burden has not been met.

The question as to "whether or not Petitioners have a valid superior interest in the Subject Property" has already been answered repeatedly in the voluminous responses to Government discovery requests. A copy of the first mortgage and promissory note securing the mortgage was provided along with a detailed and voluminous explanation of how the mortgage and promissory note was obtained. It is clear from the responses to the discovery requests that Camilo Nino and Ricardo Uribe had no involvement in obtaining the mortgage, processing the mortgage, servicing the mortgage, or communicating with the mortgagees. Camilo Nino and Ricardo Uribe hold ownership and managerial positions in the company and cannot add any more relevant information to what was already compiled and put together by and through LV LENDING's administrative department. Pursuant to the discovery responses, the pertinent individuals who may have more insight as to the origination of the loan is 1) the mortgage broker who referred Noe Reina De La Cruz initially to the real estate attorney for LV Lending or 2) possibly the real estate attorney for LV Lending or 3)Pamela Ordonez the loan processor who processed the loan to IDL. It is these individuals who would be able to provide relevant information and not Camilo Nino or Ricardo Uribe. This particular loan falls on the low end of loans issued by LV

LENDING and neither Ricardo Uribe or Camilo Nino had any part of issuing, servicing or processing the loan. As a result, their deposition testimony should not be permitted.

B. If this Court holds that the deposition testimony of Camilo Nino and Ricardo Uribe is in fact relevant, the request is still improper and unduly burdensome and should not be permitted.

When discovery sought appears otherwise relevant, the party resisting discovery has the burden to establish the request is improper or creates an undue burden. *O'Connor v. GEIGO Indem. Co.*, 2018 U.S. Dist. LEXIS 46285 at *4 (M.D. Fla. Jun. 30, 2009) ; *Alexander Grant & Co. Litigation,* 820 F. 2d 352, 356 (11th Cir. 1987). Federal Rule of Civil Procedure 26(c) provides that upon motion by a party, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect the party from annoyance, embarrassment, oppression or undue burden or expense. With regard to protective orders, "good cause" is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. In a different context, the court has identified four factors for ascertaining the existence of good cause which include: [1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order. See, *Alexander* at 356. In addition, this circuit has superimposed a "balancing of interests" approach to Rule 26(c). See Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir.1985).

In this case the *Alexander* factors apply and show good cause as to why the deposition testimony of Ricardo Uribe and Camilo Nino should not be permitted.

[1] the severity and the likelihood of the perceived harm

First, the harm that could occur as a result of the depositions is that the depositions will delve into irrelevant, personal information lasting for hours subjecting Camilo Nino and Ricardo Uribe to unnecessary attorneys fees, business losses, and undue burden.

[2] the precision with which the order is drawn

Second, the Preliminary Order of Forfeiture (ECF 258) in paragraph 4 states that the Government is authorized to "conduct any discovery necessary, including depositions, to identify, locate, or dispose of the forfeited property or in order to expedite ancillary proceedings related to any third party petition." While depositions are permitted, the purpose of them has already been fulfilled through written discovery. The property has been identified, located and, in fact, disposed of because LV LENDING has agreed to the Government's motion to sell the property. Permitting the depositions will, in fact, oppose the Preliminary Order of Forfeiture because it will not expedite ancillary proceedings, but rather delay the proceedings. The depositions only delay the filing of any motions or a hearing and the delay is for the purposes of obtaining irrelevant information.

[3] the availability of a less onerous alternative

The Government, under the Federal Rules of Civil Procedure, is entitled to propound more interrogatories or requests for production upon LV LENDING. The Government has not met its limit. If the Government has any other specific questions, LV LENDING will not object to responding to written interrogatories. This is a less onerous alternative than a deposition.

[4] the duration of the order

There is no duration or term mentioned in the Preliminary Order of Forfeiture.

Applying the factors and "balancing the interests" of the parties, the protective order should be granted. As stated above, the Government is able to propound further written interrogatories or requests for production and LV LENDING will not object.

WHEREFORE, the Third Party Claimant/Petitioner respectfully requests that this Honorable Court grant this Motion for Protective Order and prohibit the depositions of Ricardo Uribe and Camilo Nino or in the alternative, permit the Government to propound specific interrogatory requests directed at both individuals if this Court deems necessary.

I HEREBY CERTIFY that I have in good faith conferred or attempted to confer with Assistant United States Attorney, Nicole Grosnoff, in an effort to resolve the dispute without court action

                              Respectfully Submitted,

                              /s/ Marcia Giordano Hansen, Esq.
                              Marcia Giordano Hansen, Esq.
                              Florida Bar No. 0470767
                              Attorney for Third Party Claimant/Petitioner
                              4000 Ponce De Leon Blvd. ,Suite 470 Coral Gables, Fl. 33146
                              (305) 777-0474
                              mgh@thehansenlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16th , 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF.

                            By:   /s/ Marcia Giordano Hansen
                                    Marcia Giordano Hansen