UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20269-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NOE REINA DE LA CRUZ, et al.,

    Defendants.
_____/

IN RE:

LV LENDING LLC,

    Third-Party Petitioner.
_____/

## STIPULATION AND SETTLEMENT AGREEMENT

The United States of America (the "United States") and Petitioner LV Lending LLC ("Petitioner") (collectively, the "Parties") hereby stipulate and agree as follows in order to avoid protracted litigation in this matter:

1. The Court has jurisdiction over the Parties to the Stipulation and Settlement Agreement (the "Agreement"), the Subject Property, which is defined in paragraph 3, and the subject matter of the Agreement.

2. The terms of the Agreement are subject to the approval by the Court, and any violation of any term or condition shall be construed as a violation of an order of the Court.

3. On or about February 4, 2019, the Court entered a Preliminary Order of Forfeiture, preliminarily forfeiting, among other assets, real property located at 3084 SW 112th Avenue, Davie, Florida (the "Subject Property"). Preliminary Order of Forfeiture, ECF No. 50.

4.  The United States posted notice of the criminal forfeiture on an official government internet website (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 305; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

5.  Additionally, the United States sent direct notice to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

6.  Specifically, the United States sent direct notice to potential claimant, LEBSP IRRV TRUST, based upon an Affidavit recorded on January 25, 2019, in Official Records, Instrument No. 115575921, of the public records of Broward County, Florida, and a purported Notice of Lien recorded on February 11, 2019, in Official Records, Instrument No. 115608119, of the public records of Broward County, Florida

7.  The notice advised that any person, other than the defendant in the above-captioned case, asserting a legal interest in the property sought for final forfeiture may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

8.  In addition, on March 1, 2019, the notice was posted on the Subject Property in an open and conspicuous manner by law enforcement agents. *See* Return of Executed Service, ECF No. 361

9.  On March 14, 2019, Petitioner filed a petition asserting a mortgage interest in the Subject Property. *See* Petition and Request for Hearing Pursuant to 21 U.S.C. § 853(n)(2), ECF No. 296.

10. Moreover, on May 1, 2019, the United States and the Town of Davie ("Davie")

entered into a Stipulation and Settlement Agreement wherein: (a) Davie agreed not to contest the final forfeiture of the Subject Property; (b) Davie agreed to release all liens on the Subject Property to facilitate the sale of the Subject Property; and (c) upon obtaining a final order of forfeiture of the Subject Property, the United States agreed to remit to Davie the sum of $45,438.11 from the net proceeds of the sale of the Subject Property in full satisfaction of any claim Davie has or may have in the Subject Property. ECF No. 315-1. An Order approving the Stipulation and Settlement Agreement between the United States and Davie was entered on May 6, 2019. *See* Order, ECF No. 320 (collectively, the "Davie Claim Resolution").

11. The Parties stipulate that the $45,438.11 monetary obligation from the United States to Davie as part of the Davie Claim Resolution is the responsibility of the United States to pay, and that Petitioner shall have no monetary obligation with regard to the Davie Claim Resolution.

12. The United States represents that, pursuant to its Stipulation and Settlement Agreement with Davie, all claims and/or liens of Davie related to the Subject Property will be fully and finally resolved up through and including the date of the United States' payment of the $45,438.11 to Davie as part of the Davie Claim Resolution. Additionally, the time period for any potential claimants to make a claim asserting a legal interest in the Subject Property has expired and, other than Petitioner and Davie, no other petitions or claims have been filed for the Subject Property.

13. Petitioner agrees that the Subject Property shall be finally forfeited to and shall vest in the United States for disposition according to the law. To that end, Petitioner agrees to assist the United States and cooperate fully in the forfeiture proceedings involving the Subject Property.

14. Accordingly, upon entry of the final order of forfeiture and pursuant to 21 U.S.C. § 853(n)(7), the United States will hold clear title to the Subject Property and is therefore able to warrant good title to the Petitioner and transfer title to the Petitioner under the terms set forth below.

15. This Agreement is conditioned upon the Court's entry of a Final Order of Forfeiture

against the Subject Property.

16.     The United States agrees that upon the entry of the Final Order of Forfeiture and receipt of $256,415.12 from Petitioner, the United States will transfer title to the Subject Property to Petitioner.

17.     Petitioner agrees to take the Subject Property in its existing condition "*as is, where is, and with all faults*" with respect to all facts, circumstances, conditions and defects, and agrees that the United States will not be responsible for any costs and/or expenses that have been incurred or will be incurred related to the Subject Property (except for those costs and/or expenses the United States has actually incurred and may actually continue to incur until the time the sale of the Subject Property to Petitioner closes), including but not limited to tax liabilities, insurance, mortgage payments, maintenance, closing fees, and any other lien(s), claims, encumbrances. Petitioner agrees that the United States has no obligation to inspect for, repair or correct any such facts, circumstances, conditions or defects or to compensate Petitioner for same as the United States has specifically bargained for the assumption by Petitioner of all costs and risk of conditions and the Parties have structured the terms of the Agreement in consideration thereof.

18.     The transfer of title of the Subject Property to Petitioner shall be in full settlement and satisfaction of all Petitioner's claims arising from and relating to the seizure, detention, and forfeiture of the Subject Property.

19.     If the $256,415.12 in U.S. currency is not remitted to the United States within 60 days of the entry of the Final Order of Forfeiture, Petitioner agrees to waive all claims to the Subject Property and that the United States shall be permitted to sell the Subject Property by any means commercially reasonable.

20.     The parties further agree that payment shall be made by a cashier's check payable to Homeland Security Investigations, in the sum of $256,415.12 in United States currency, and sent to:

4

DHS/HIS
Attn: SA Cappannelli (AIRG)
11226 NW 20th Street
Miami, Florida 33172

21. Petitioner agrees to release and hold harmless the United States, United States Department of Justice, Homeland Security Investigations, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Petitioner and its agents that currently exist or that may arise as a result of the United States' actions against and relating to the Subject Property.

22. Petitioner agrees not to pursue any other rights it may have may have under the Note and Mortgage, a copy of which was filed in the above-captioned matter as at ECF No. 296, including but not limited to the right to foreclose upon and sell the Subject Property and any right to assess additional interest or penalties.

23. Petitioner agrees to execute further documents, including voluntary dismissal of its pending foreclosure action in Broward County, Florida for the Subject Property [Case No. CACE-18-020259], to the extent necessary, to convey clear title to the Subject Property to the United States and to implement further the terms of this Agreement.

24. Each of the Parties agrees to bear its own costs and attorney's fees.

25. Petitioner has read and fully understands each provision of the Agreement, and has freely and voluntarily signed into the Agreement.

26. The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

27. The Agreement contains the entire agreement between Petitioner and the United

States.

                                    ARIANA FAJARDO ORSHAN
                                    United States Attorney

Date: 3/19/2020      By: _____
                                    Nicole Grosnoff
                                    Assistant United States Attorney

3/18/2020
_____
Date                             Timothy A. Kolaya,
                                    Attorney for Petitioner, LV Lending LLC

3/13/2020
_____
Date                             Camilo Niño
                                    Authorized Representative for Petitioner, LV Lending LLC